"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GRANT BROWN, | ) | Case No. CV 04-9734-MLG |
| | ) | |
| Plaintiff, | ) | ORDER REVERSING DECISION |
| | ) | OF COMMISSIONER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1] For the reasons stated by the Plaintiff in the Joint Stipulation and discussed more fully below, the Court agrees with Plaintiff that the Administrative Law Judge ("ALJ") failed to properly consider the medical evidence and failed to propound a complete hypothetical to the Vocational Expert (VE). Accordingly,

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

this matter shall be remanded for further proceedings consistent with this opinion and order.

Plaintiff was 44 years old at the time of the administrative hearing on his applications for Social Security Disability Benefits and Supplemental Security Income Benefits. He has a ninth grade special education. (AR at 26). Plaintiff's impairments include a severe stuttering disorder that makes him extremely difficult to understand. (AR at 115). His stuttering is accompanied by entire body movements that last up to 15 seconds. (AR at 145). His movements include aversion of eye gaze, tremors of his mouth, lips and tongue, and extraneous body movements. (AR at 144). Plaintiff also suffers from the severe impairment of ankle gout that limits him to light work. The ALJ found that Plaintiff cannot return to any of his past jobs, because they were all performed at the heavy exertional level. (AR at 26-27).[2] Plaintiff has had trouble acquiring even these jobs, because his stuttering impairs his ability to interview well and make a good impression. (*See* Plaintiff's written questionnaire, AR at 92) ("When I go to job interviews, people make fun of me and the person who speech (sic) clearly usely (sic) get the job") .

The medical evidence submitted to the ALJ included a speech and language evaluation conducted by speech language pathologist Marcia Arnold, as well as a state agency psychiatric consultation report prepared by Dr. Brian S. Taylor, M.D.

The ALJ did not comment upon nor explain any reason for rejecting the finding of Dr. Taylor that Plaintiff suffers from a distinct, organic mental disorder (stuttering) that most notably causes a marked

---

[2] Plaintiff was not required to verbally communicate in those jobs. *Id.*

limitation in his ability to maintain social functioning. (AR at 147-55).  Although he did not examine Plaintiff, Dr. Taylor was the only physician to review the speech/language evaluation. Dr. Taylor noted that Plaintiff "has a communication disorder which would make it difficult to work in an environment where he was required to be verbal." (AR at 152).

The ALJ's findings must be based on substantial evidence supported by the record as a whole.  42 U.S.C. § 405(g); see also *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  To meet this standard, the ALJ must explain why he rejected "significant probative evidence." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984); see 20 C.F.R. § 416.920(a).  Findings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the administrative law judge and Appeals Council levels of administrative review.  The ALJ may not ignore these opinions and must explain the weight given to these opinions in their decisions.  Social Security Ruling (SSR) 96-8p.

Instead of explaining why he omitted the limited social functioning finding by Dr. Taylor from the hypothetical, the ALJ stated that he "gives weight" to the assessment of Dr. Taylor and summarized Dr. Taylor's findings to indicate that Plaintiff is "able to perform work where he does not need to solely depend on verbal interaction with others." (AR at 26-27).  This summation overlooks or mischaracterizes Dr. Taylor's additional finding of a Listing 12.02[3] organic mental

---

[3] 20 C.F.R., Part 404, Subpart P, Appendix 1.

disorder, causing a marked limitation in Plaintiff's ability to maintain social functioning. This distinction matters because when Plaintiff's counsel added a "marked limitation in the ability to maintain social functioning" limitation to the hypothetical presented to the VE at the hearing, the VE testified that a person with Plaintiff's social functioning and physical limitations could not perform any job in the national economy. (AR at 203). On remand the ALJ must explain whether he credits Dr. Taylor's finding of "a marked limitation in [Plaintiff's] ability to maintain social functioning" based upon an organic mental disorder, and if not, provide adequate reasons why such a limitation should not be credited and included in the vocational limitations presented to the VE's hypothetical.

Furthermore, even on its own terms, the hypothetical was inadequate.[4] The only speech limitation that the ALJ built into the hypothetical was "limited contact with the general public due to his limited ability to communicate due to stuttering." This does not fully incorporate Plaintiff's speech limitations as found by speech language pathologist Marcia Arnold or Dr. Taylor. Both Ms. Arnold And Dr. Taylor found that Plaintiff would have great difficulty communicating in a work environment *in general*, not just in interacting with the general public. (AR at 144-45; 149-55). As Plaintiff explains in his written questionnaire, "I cannot speak clearly and it takes me a long time to complete a sentence and in the case of an emergency, I could not tell

---

[4] The exact hypothetical was as follows: "For the purposes of the claimant's potential entry-level work, assume the claimant's 43 years old with a ninth grade education; is capable of performing light work with mild pain; can occasionally climb, balance, stoop, kneel, crouch, and crawl; should have limited contact with the general public due to his limited ability to communicate due to stuttering." (AR at 202).

anyone to get out or explain anything to anyone." (AR at 87).  Ms. Arnold stated that Plaintiff  "was extremely hard to understand and had such a terrible stutter.  It took several seconds for him to speak. He would open his mouth wide into a yawn, roll his eyes and when he pronounced words, it was very difficult to understand him." (AR ay 115-16).

"In order for the testimony of a [vocational expert] to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002).  The Court finds that the ALJ's hypothetical, which only limited Plaintiff's verbal interactions with the general public, was incomplete and therefore the testimony of the VE was unreliable.  On remand, the ALJ must construct a hypothetical to the VE that reflects the more substantial verbal limitations apparent from the medical record.

### Order

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.  *See*, *e.g.*, *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted where additional administrative proceedings could remedy defects in the decision.  *See*, *e.g.*, *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, *supra*.

The court finds that remand would serve a useful purpose in order to more fully develop the record relating to Plaintiff's speech disorder and the effect that it may have in his ability to perform work related

activities in light of his age, education and residual functional capacity.

    Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further proceedings consistent with the analysis in this opinion.

DATED: April 24, 2006                           */S/ Marc L. Goldman*

                                                   _____
                                                   Marc L. Goldman
                                                   United States Magistrate Judge